Slip Op. 20-127

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COALITION FOR FAIR TRADE IN GARLIC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>HARMONI INTERNATIONAL SPICE, INC., ET AL.,<br><br>    Defendant-Intervenors. | Before: Mark A. Barnett, Judge<br>Court No. 18-00137 |

## OPINION

[Sustaining the U.S. Department of Commerce's final results of redetermination.]

Dated: August 27, 2020

Anthony L. Lanza and Brodie H. Smith, Lanza and Smith PLC, of Irvine, CA, for Plaintiff Coalition for Fair Trade in Garlic.

Meen Geu Oh, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. Of counsel was Emma T. Hunter, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Michael J. Coursey, John M. Herrmann, and Joshua R. Morey, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenors Fresh Garlic Producers Association and its Individual Members.

Bruce M. Mitchell, Alan G. Lebowitz, Ned H. Marshak, Jordan C. Kahn, and Andrew T. Schutz, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of New York, NY, for Defendant-Intervenors Zhengzhou Harmoni Spice Co., Ltd. and Harmoni International Spice Inc.

Barnett, Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") redetermination upon remand in this case. *See* Final Results of Redetermination Pursuant to Remand ("Remand Results"), ECF No. 99-1.[1]

In this action, Plaintiff Coalition for Fair Trade in Garlic ("the CFTG") challenged Commerce's final results and partial rescission of the 22nd administrative review of the antidumping duty order on fresh garlic from the People's Republic of China. *See Fresh Garlic From the People's Republic of China*, 83 Fed. Reg. 27,949 (Dep't Commerce June 15, 2018) (final results and partial rescission of the 22nd antidumping duty admin. review and final result and rescission, in part, of the new shipper reviews; 2015–2016), ECF No. 24-2, and accompanying Issues and Decision Mem., A-570-831 (June 8, 2018), ECF No. 24-3. In particular, the CFTG challenged Commerce's regulation governing the partial rescission of an administrative review upon the withdrawal of request to review a producer or exporter, 19 C.F.R. § 351.213(d)(1), and Commerce's determination that the CFTG's request for a review of Defendant-Intervenor Zhengzhou Harmoni Spice Co., Ltd. ("Harmoni") was invalid *ab initio* on the basis that none of the CFTG's members had standing to request the review. *See* Mot. of Pls. [CFTG] and its Individual Members for J. on the Agency R. and accompanying Mem. in Supp. at 25–49, ECF No. 38. In a prior opinion, familiarity with which is presumed, the court remanded Commerce's determination based on the CFTG's second challenge and declined to

---

[1] Commerce filed a public administrative record, ECF No. 100-2, and a confidential administrative record, ECF No. 100-3, in connection with the Remand Results.

Court No. 18-00137                                                                                                     Page 3

reach the CFTG's first challenge.  *Coal. for Fair Trade in Garlic v. United States* ("*CFTG*"), 44 CIT ___, ___, 437 F. Supp. 3d 1347, 1349 (2020).[2]

At the time it submitted its request for an administrative review of Harmoni, the CFTG's membership consisted of four individuals:

> Stanley Crawford, owner and operator of El Bosque Farm of Dixon, New Mexico; Avrum Katz, owner and operator of Boxcar Farm of Peñasco, New Mexico; Alex Pino, owner and operator of Revolution Farm of Santa Fe, New Mexico; and Suzanne Sanford, owner and operator of Sanford Farm of Costilla, New Mexico.

*Id.* at 1350 n.6.  Mr. Katz and Mr. Pino later withdrew from the CFTG and Melinda Bateman joined the CFTG.  *Id.*  To evaluate the validity of the CFTG's request, Commerce considered the standing and credibility of the CFTG members who had submitted the request—Mr. Katz, Mr. Crawford, Ms. Sanford, and Mr. Pino.  *Id.* at 1352 (discussing Commerce's preliminary determination); *id.* at 1353–54 (discussing Commerce's final determination).  "Mr. Katz and Mr. Pino did not respond to Commerce's questionnaires"; thus, "Commerce's analysis was limited to the responses of Mr. Crawford and Ms. Sanford."  *Id.* at 1352.  Commerce concluded that "material misrepresentations and inconsistencies" in Mr. Crawford's and Ms. Sanford's respective statements undermined their alleged status as domestic garlic farmers and, thus, "neither individual had standing to request an administrative review pursuant to 19

---

[2] Regarding the CFTG's first challenge, the court explained that it was guided by the U.S. Court of Appeals for the Federal Circuit's holding, in connection with analogous facts, that an invalid review request meant that the requestor "'was not a "party to the proceeding"' eligible to challenge Commerce's regulation."  *CFTG*, 437 F. Supp. 3d at 1361 (quoting *N.M. Garlic Growers Coal. v. United States*, 953 F.3d 1358, 1372–73 (Fed. Cir. 2020).

U.S.C. § 1677(9)(C)."[3] *Id.* at 1353.  "Commerce did not make an explicit finding as to whether the CFTG had requested the review on behalf of its individual members or solely as an association," instead, "Commerce found that none of the requesting members had individual standing and, thus, the CFTG did not have standing."  *Id.*  Commerce rescinded its review of Harmoni and six other companies on the basis that no other review request remained in place.  *Id.* at 1354.

The court sustained Commerce's determination respecting Ms. Sanford but remanded Commerce's determination respecting Mr. Crawford.  *Id.* at 1354–58.  Thus, the court was "unable to affirm the agency's determination that the [CFTG's] review request was invalid *ab initio*."  *Id.* at 1360.  The court found, however, that "Commerce's determination that at least three of the four members of the CFTG, at the time of the review request, did not credibly establish that they qualified as domestic producers [was] supported by substantial evidence."  *Id.* at 1360.  Accordingly, the court afforded Commerce the opportunity, on remand, to "make an express finding as to whether the CFTG submitted the review request as an association only or also on behalf of its individual members . . . in addition to, or in lieu of, its reconsideration of Mr. Crawford's credibility and status."  *Id.* at 1360–61.

---

[3] Section 1677(9) defines the term "interested party" for purposes of the antidumping and countervailing duty laws.  Relevant here, section 1677(9)(C) defines "interested party" as "a manufacturer, producer, or wholesaler in the United States of a domestic like product."  19 U.S.C. § 1677(9)(C).  Section 16779(E) defines "interested party" as "a trade or business association a majority of whose members manufacture, produce, or wholesale a domestic like product in the United States."  *Id.* § 1677(9)(E).  Commerce requires a majority of the members of an association to have standing as individuals pursuant to section 1677(9)(C) for the association to have standing pursuant to section 1677(9)(E).  *CFTG*, 437 F. Supp. 3d at 1353.

In the Remand Results at issue here, Commerce concluded that the CFTG submitted its review request on behalf of the CFTG as an association only—and not also on behalf of the CFTG's individual members. Remand Results at 4. Commerce therefore concluded that the CFTG's request "was invalid, *ab initio*, because a majority of the members of the CFTG association, at the time of the request, did not credibly establish that they [were] interested parties" pursuant to 19 U.S.C. § 1677(9)(C). *Id.* In light of this conclusion, Commerce declined to reconsider its findings with respect to Mr. Crawford. *Id.* at 21–22.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018), and 28 U.S.C. § 1581(c).

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT ___, ___, 273 F. Supp. 3d 1314, 1317 (2017) (citation omitted).

## DISCUSSION

While the CFTG submitted comments during the remand proceeding in opposition to Commerce's draft redetermination, *see* Remand Results at 11–12, the

Court No. 18-00137 Page 6

CFTG did not object to the Remand Results before the court.[4]  Thus, Commerce's redetermination is uncontested.

Commerce's determination on remand that the CFTG's review request was invalid *ab initio* complies with the court's order in *CFTG*.  Commerce provided the agency's reasoning supported by substantial evidence for its findings (1) that the CFTG's review request was filed on behalf of the CFTG as an association only, *see* Remand Results at 5–7, 13–18; and (2) that the CFTG lacked standing as an association because, at the time of the review request, a majority of its members had failed to establish standing as individuals, *see id.* at 7–8.

### Conclusion

There being no challenges to the Remand Results, and those results being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's Remand Results.  Judgment will enter accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: August 27, 2020
New York, New York

---

[4] Comments in opposition to the Remand Results were due on August 12, 2020.  *See* Docket Entry, ECF No. 99.  As of the date of this Opinion, the CFTG has not filed any objections.